JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frank Scaccia | Mark P. Solomon, MD and Trevose Specialty Care Surgical Center, LLC |
| (b)   County of Residence of First Listed Plaintiff    Monmouth, NJ | County of Residence of First Listed Defendant    Montgomery, PA |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| (c)   Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
| Francis T. Colleran, Esquire, The Colleran Firm, 2005 Market St., Suite 1940, Phila, PA 19103 (215) 972-8000 | Joseph Goldberg, Esquire, Weber Gallagher, 2000 Market Street, Phila., PA  19103 (215) 972-7900 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of the State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdraw | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airlines Reg. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395 ff) | Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | Or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS – Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/ Disabilities – | ☐ 540 Mandamus & Other | | | to Justice |
| | Employment | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/ Disabilities – | ☐ 555 Prison Condition | | | State Statutes |
| | Other | | | | |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): |
|---|---|
| | 28 U.S.C. Section 1446 |
| | Brief Description of Cause |
| | Plaintiff is alleging injuries suffered as a result of a surgical procedure rendered by Defendants. |

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER  PCCP 14120 2336 |
|---|---|---|---|

DATE  1/21/2015          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Frank Scaccia                                Civil Action No:

V.

Mark P. Solomon, MD et al.

## DISCLOSURE STATEMENT FORM

Please check one box:

☒ The nongovernmental corporate party, Trevose Specialty Care Surgery Ctr., LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

1/21/2015
Date

Signature

Counsel for:   Trevose Specialty Care Surgical Center, LLC

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

(1) file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.

### UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  700 Ocean Avenue, Unit 1, Seabright, NJ  07760

Address of Defendant:  4979 Old Street Road, Trevose, PA  19053

Place of Accident, Incident or Transaction:  4979 Old Street Road, Trevose, PA  19053

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more or is stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P.7.1(a))       Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?       Yes ☐    No ☒
*RELATED CASE, IF ANY:*

Case Number:  PCCP 141202336          Judge  Lisa Rau          Date Terminated:  open, pending removal

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within on year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☒    No ☐

3. Does this case involve the validity of infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Questions Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) Medical Malpractice
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  **Joseph Goldberg**                                , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/21/2015                                                                        21376

Attorney-at-Law                                  Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F. R. C .P. 38.**

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/21/2015                                                                        21376

Attorney-at-Law                                  Attorney I.D.#

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Frank Scaccia | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Mark P. Solomon, M.D. and Trevose | : | |
| Specialty Care Surgical Center, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health          ( )
    and Human Services denying plaintiff Social Security Benefits

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from          ( )
    exposure to asbestos

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are          (X)
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 1/21/2015 | /s/ | Trevose Specialty Care Surgical Center, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-972-7900 | 215-564-7699 | jgoldberg@wglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK SCACCIA<br><br>vs.<br><br>MARK P. SOLOMON, M.D. and TREVOSE SPECIALTY CARE SURGICAL CENTER, LLC | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Trevose Specialy Care Surgical Center, LLC (hereinafter "Petitioner") hereby gives notice of removal of this action from the Court of Common Pleas for Philadelphia County, December Term 2014, No. 2336, to the United States District Court for the Eastern District of Pennsylvania and in support thereof avers as follows:

1.     This action was commenced via the filing of a Complaint in the Court of Common Pleas of Philadelphia County on December 16, 2014.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2.     Service of the Complaint was effectuated on Petitioner on December 22, 2014.

3.     The Plaintiff alleges that he is an "individual, citizen, and resident of the State of New Jersey residing therein at 700 Ocean Avenue, Unit 1, Seabright, New Jersey 07760." Id. at ¶1.

4.     The Complaint, alleging medical malpractice against the Defendants, sets forth four counts: counts sounding in negligence and battery/lack of informed consent as to Dr. Solomon, a count against Trevose Specialty Care Surgical Center, LLC for negligence, and a count titled "causes of action/damages" against all Defendants. Id.

5.     In particular, Plaintiff avers that Petitioner "is vicariously liable for the conduct of its real and/or ostensible agents, servants, and/or employees in their care and treatment of plaintiff" during a surgical procedure to remove an axillary lymph node. Id. at ¶40.

6.     Plaintiff avers that Petitioner breached its duty of care by, *inter alia*, "failing to identify, isolate, and protect important nerves and neural structures in plaintiff's upper left extremity from injury during the course of the October 16, 2013 axillary lymph node surgical procedure." Id. at ¶40.

7.     As a result of the alleged misconduct, Plaintiff claims he has generally experienced pain and suffering, disfigurement, suffered subsequent surgery, palsy and atrophy of nerves and muscles in his left upper extremity, lost earnings and earning capacity, incurred substantial medical bills. Id. at ¶¶22, 42-46, 48.

8.     If a defendant seeks to remove a pending State court action, it "shall file in the District Court of the United States for the district and division within which such action is pending a notice of removal . . ." 28 U.S.C. §1446(a).

9.     The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. §1446(b).

10.     Pursuant to federal law, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states; [and] (2) citizens of a State and citizens or subjects of a foreign state . . ." 28 U.S.C. §1332(a)(1)-(2).

11.     The instant removal action is timely, as service upon Petitioner was effectuated on December 22, 2014, less than thirty days ago.

12.     In this case, there is complete diversity of citizenship between the parties, as the Plaintiff is a citizen residing in the State of New Jersey, while the Petitioner is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a business office located at 4979 Old Street Road, Trevose, Pennsylvania 19053, and a registered office address located at 261 Old York Road, Suite 707, Jenkintown, PA 19046.

13.     Defendant Mark P. Solomon, M.D. is a physician licensed and authorized to practice medicine in the Commonwealth of Pennsylvania.

14.     The amount in controversy in this case exceeds $75,000, as Plaintiff claims to have experienced losses of "millions upon millions of dollars" exclusive of interest and costs, including losing "hundreds of thousands of dollars of income." Id. at ¶¶25-26.

15.     Therefore, this Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     This action is properly and timely removed pursuant to 28 U.S.C. §1441(a) and in accordance with the requirements of 28 U.S.C. §1446.

17.     This notice of removal is being filed within thirty days after service of the Complaint and with confirmation and notice that the amount in controversy exceeds $75,000, thereby fulfilling the requirements for invoking the diversity jurisdiction of this Court.  28 U.S.C. §1446(b).

18.     Further, pursuant to 28 U.S.C. § 1446(d), Petitioner is, concurrent with the filing of this Petition, providing notice of the removal of this matter to the Court of Common Pleas of Philadelphia County, and to all parties.

WHEREFORE, Petitioner Trevose Specialty Care Surgical Center, LLC, hereby removes the above action now pending in the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON, FIRES & NEWBY, LLP**

By: _____

Joseph Goldberg, Esquire
Jacqueline Genesio, Esquire
Shannon R. Pierce, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA  19103
(215) 972-7900
Fax: (215) 564-7699
jgoldberg@wglaw.com
jgenesio@wglaw.com
spierce@wglaw.com
*Attorneys for Defendant
Trevose Specialty Care
Surgical Center, LLC*

Dated: 1/21/2015

## CERTIFICATE OF SERVICE

I, Shannon R. Pierce, Esquire, do hereby certify that on the date indicated below, I served

via electronic mail, a true and correct copy of the within Notice of Removal on the following:

Francis T. Colleran, Esquire
The Colleran Firm
One Commerce Square, Suite 1940
2005 Market Street
Philadelphia, PA  19103
*Attorney for Plaintiff*

Mark P. Solomon, M.D.
191 Presidential Boulevard
Suite LN24
Bala Cynwyd, PA 19004
*Unrepresented Party*

Shannon Rafferty Pierce
Shannon R. Pierce, Esquire

Date: 1/21/15

EXHIBIT A

Francis T. Colleran, Esquire
Atty ID No. 65821
Denine Marie Moscariello, Esquire
Atty ID No. 90192
THE COLLERAN FIRM
One Commerce Square, Suite 1940
2005 Market Street
Philadelphia, Pennsylvania 19103
215-972-8000
215-972-8042 (fax)
Counsel for Plaintiff



---

| | |
|---|---|
| FRANK SCACCIA<br>700 Ocean Avenue, Unit 1<br>Seabright, New Jersey 07760 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL TRIAL DIVISION |
| *Plaintiff,* | TERM,<br>NO.: |
| v. | |
| MARK P. SOLOMON, M.D.<br>191 Presidential Boulevard, Suite LN24<br>Bala Cynwyd, Pennsylvania 19004<br>and | CIVIL ACTION - MEDICAL<br>PROFESSIONAL LIABILITY ACTION<br><br>JURY TRIAL DEMANDED |

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral and Information Service
Philadelphia Bar Association
1101 Market St., 11th Floor
Philadelphia, PA 19107
(215) 238-6333

"AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral and Information Service
Philadelphia Bar Association
1101 Market St., 11th Floor
Philadelphia, PA 19107
(215) 238-6333

Case ID: 141202336

TREVOSE SPECIALTY CARE SURGICAL       :
CENTER, LLC                           :
4979 Old Street Road                  :
Trevose, Pennsylvania 19053           :
                                      :
                    *Defendants.*     :

## COMPLAINT

1.      Plaintiff Frank Scaccia is an individual, citizen, and resident of the State of New Jersey residing therein at 700 Ocean Avenue, Unit 1, Seabright, New Jersey 07760. Plaintiff brings this claim for recovery of monetary damages for the physical, mental, and emotional harm he suffered as a consequence of the liability-imposing conduct of the defendants as articulated herein.

2.      Defendant Mark P. Solomon, M.D. is a physician licensed and authorized to practice medicine in the Commonwealth of Pennsylvania with offices therein at 191 Presidential Boulevard, Suite LN24, Bala Cynwyd, Pennsylvania 19004. At all times material hereto, defendant Mark P. Solomon, M.D. was a treating physician and surgeon of plaintiff Frank Scaccia. Upon information and belief, defendant Mark P. Solomon, M.D. is certified within the discipline of plastic surgery. At all times material hereto, defendant Mark P. Solomon, M.D. acted for himself and as the real and/or ostensible agent, servant, and/or employee of Trevose Specialty Care Surgical Center, LLC. Consequently, any and all liability-imposing acts and/or omissions committed by Mark P. Solomon, M.D. in his care and treatment of plaintiff imposed liability upon himself and upon Trevose Specialty Care Surgical Center, LLC under and by virtue of the laws of agency of the Commonwealth of Pennsylvania. Plaintiff is submitting a professional liability action against this defendant.

3.      Defendant Trevose Specialty Care Surgical Center, LLC is a corporation organized and exiting under and by virtue of the laws of the Commonwealth of Pennsylvania with offices therein at 4979 Old Street Road, Trevose, Pennsylvania 19053. At all times material hereto, this defendant employed as its

2

real and/or ostensible agents, servants, and/or employees defendant Mark P. Solomon, M.D. as well as other healthcare providers, some of whom participated in and rendered medical care to plaintiff. Accordingly, this corporate defendant is liable vicariously for any and all liability-imposing acts and/or omissions committed by any of its real and/or ostensible agents, servants and/or employees in their care and treatment of plaintiff under and by virtue of the laws of agency in the Commonwealth of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

4.      At all times material hereto, the aforementioned defendants owed plaintiff the duty to render medical and surgical care in accordance with applicable standards of care. For reasons articulated herein, defendants violated important standards of care in their care and treatment of plaintiff and are therefore individually as well as jointly and/or severally liable to plaintiff for the harm they caused. Defendants's liability-imposing conduct was the factual cause, the medical cause, and the legal cause of plaintiff's injuries. Defendants' negligent conduct acting individually as well as jointly and/or severally substantially increased plaintiff's risk of harm, injury, and morbidity.

5.      At all times material hereto, plaintiff acted with due care and was not contributorily or comparatively negligent.

6.      Venue for this lawsuit is appropriate in Philadelphia County. Some of the critical aspects of deficient medical care constituting the basis for this lawsuit occurred in Philadelphia County. The aspects of medical care giving rise to this lawsuit will be more fully detailed within the body of the Complaint.

7.      On or about October 16, 2013, plaintiff Frank Scaccia underwent surgery under general anesthesia upon three separate and distinct portions of his body. The surgery was performed by defendant Mark P. Solomon, M.D. at defendant Trevose Specialty Care Surgical Center, LLC.

8.      Among the surgical procedures plaintiff Frank Scaccia underwent on October 16, 2013 was removal of an enlarged left axillary lymph node. During the course of removal of the left axillary lymph node, defendant Mark P. Solomon, M.D. and/or other members of the operative team iatrogenically injured

Case ID: 141202336

nerves, neural structures/neural tissues in plaintiff's left arm resulting in a permanent and complete left ulnar neuropathy. The aforementioned nerve injury occurred during the course of the axillary lymph node dissection and removal. This injury does not occur in the absence of negligence.

9.      During the course of the operative procedure in question, defendant Mark P. Solomon, M.D. failed to properly isolate and protect important motor and sensory nerves in the surgical field so as to protect them from intraoperative injury.

10.      During the course of the surgical procedure in question, defendant Mark P. Solomon, M.D. and other healthcare providers who participated in the surgical procedure negligently compressed important nerves and neural structures in plaintiff's left upper extremity, negligently stretched nerves and important neural structures in plaintiff's left upper extremity, negligently cauterized and/or burned important nerves and neural structures in plaintiff's left upper extremity and failed at all times to identify, isolate and protect nerves and neural structures in plaintiff's left upper extremity. All of the healthcare providers who participated in this operation acted as the real and/or ostensible agents, servants and/or employees of defendant Mark P. Solomon, M.D. and Trevose Specialty Care Surgical Center, LLC.

11.      Immediately after waking from anesthesia, plaintiff Frank Soscola complained of pain, and numbness in his left arm and hand. Plaintiff voiced these complaints to defendant Mark P. Solomon, M.D. who advised plaintiff that these complaints were normal postoperative findings and would dissipate shortly. Since the surgical procedures plaintiff underwent on October 16, 2003 were performed in a "same day surgical setting," defendant Mark P. Solomon, M.D. asked plaintiff to check into a Philadelphia hotel later in the day of October 16, 2013 so that defendant Mark P. Solomon, M.D. could see, treat, and evaluate plaintiff postoperatively. Accordingly, at the direction of defendant Mark P. Solomon, M.D., plaintiff did indeed check into a Philadelphia hotel on October 16, 2013 so that defendant Mark P. Solomon, M.D. could evaluate him there during the first few postoperative days.

4

Case ID: 141202336

12.     Upon checking into the Philadelphia hotel on October 16, 2013, plaintiff Frank Scaccia telephoned defendant Mark P. Solomon, M.D. to report increased complaints of left hand pain and numbness. Defendant Mark P. Solomon, M.D. minimized these symptoms, reviewed discharge instructions with plaintiff and advised plaintiff that he would examine him in the morning.

13.     On or about October 17, 2013, defendant Mark P. Solomon, M.D. presented to plaintiff's Philadelphia hotel room where he conducted a postoperative evaluation and examination upon plaintiff. During the course of this evaluation and examination, plaintiff complained to defendant Mark P. Solomon, M.D. of increasing discomfort, pain, numbness, coolness, and pins and needles of the left hand and arm. Defendant Mark P. Solomon, M.D. again advised plaintiff that these were normal postoperative complaints and would dissipate over the coming days.

14.     Defendant Mark P. Solomon, M.D. failed to appreciate that plaintiff's postoperative symptoms were abnormal and the result of a serious nerve injury which occurred during the course of the left axillary lymph node biopsy.

15.     In the day or days following the left axillary lymph node dissection, biopsy, and removal surgical procedure, defendant Mark P. Solomon, M.D. physically examined plaintiff in plaintiff's room at a Philadelphia hotel and rendered other medical care in plaintiff's Philadelphia hotel room including examination of the incisions Mark P. Solomon, M.D. created during the course of the surgeries performed upon plaintiff, taking a medical history from plaintiff, assessing plaintiff's mental status and faculties following general anesthesia, even removing a surgical drain from plaintiff's left axillary region.

16.     In addition to the complaints plaintiff advanced to defendant Mark P. Solomon, M.D. during the postoperative time frame, plaintiff also advised defendant Mark P. Solomon, M.D. that he was having difficulty utilizing his left hand arm. Defendant Mark P. Solomon, M.D. advised plaintiff that his difficulties in moving his left arm and hand would also dissipate over time.

Case ID: 141202336

17.     During the postoperative time frame, defendant Mark P. Solomon, M.D. negligently failed to diagnose plaintiff's nerve injury and failed to administer appropriate and timely medical care to preserve health and function of nerves and neural structures in plaintiff's left upper extremity.

18.     Between October 16, 2013 and December 23, 2013, plaintiff Frank Scaccia continuously complained to defendant Mark P. Solomon, M.D. of pain, coolness, burning, numbness, and pins and needles of the left hand and upper extremity.  At all times, defendant Mark P. Solomon, M.D. continued to advise plaintiff that these symptoms were normal postoperative symptoms and would alleviate over time.  Defendant Mark P. Solomon, M.D. failed to appreciate the significance of plaintiff's symptoms, failed to associate these symptoms with a serious neurologic injury, and failed to refer plaintiff for neurodiagnostic tests and studies along with referral to specialists equipped to diagnose and treat plaintiff's neurologic disorder.

19.     On or about December 23, 2013, plaintiff consulted with a physician, Scott Wolfe, M.D. who is a surgeon at the Hospital for Special Surgery in New York relative to his persistent postoperative left upper extremity symptoms.  Upon examining plaintiff, Dr. Wolfe formed the impression that plaintiff suffered from a left ulnar neuropathy with associated damage and injury to the antebrachial cutaneous nerves as well as a medical cord brachial plexopathy, all of which occurred during the course of the October 16, 2013 surgical procedure.

20.     During the course of the December 23, 2013 office visit with Dr. Wolfe, Dr. Wolfe reviewed and interpreted neurodiagnostic studies of plaintiff's left upper extremity.  These objective studies demonstrated severe dysfunction of the ulnar nerve as well as the medial antebrachial cutaneous nerve and the medial cord of the brachial plexus.  Dr. Wolfe recommended additional neurodiagnostic imaging and objective studies for plaintiff followed by a surgical exploration of the nerves in plaintiff's left upper extremity.

21.     Following further electrodiagnostic and imaging studies, Dr. Wolfe advised plaintiff that there was no evidence of motor recovery and a complete block of the medial antebrachial cutaneous sensory

6

Case ID: 141202336

and ulnar motor and sensory nerves.  Dr. Wolfe advised plaintiff that he had a serious injury to the axonemetic level of the axilla and would require surgery in the form of neurolysis of the left brachia plexus.

22.     On or about January 30, 2014, plaintiff underwent extensive surgery performed by Dr. Wolfe for an ulnar nerve palsy as well as palsy of the medial antebrachial cutaneous nerve.  Operative findings included complete paralysis of the ulnar nerve and loss of ulnar sensation as well as loss of sensation in the medical antebrachial cutaneous nerve distribution.

23.     Despite Dr. Wolfe's attempts to decompress the above-mentioned nerves and neural structures in plaintiff's left upper extremity, in the aftermath of the January 30, 2014 surgical procedure, plaintiff continued to experience complete and uninterrupted paralysis and palsy of the ulnar nerve and neural structures in the distribution of the medial antebrachial cutaneous nerves of the left upper extremity.

24.     Despite the efforts of Dr. Wolfe to decompress and restore function in the nerves of plaintiff's left upper extremity, plaintiff continued and continues to experience no ulnar activity in his left upper extremity in the aftermath of Dr. Wolfe's treatment and has permanent palsies of the ulnar nerve and medical antebrachial cutaneous nerve of the left upper extremity.  These neurologic injuries prevent plaintiff from using his left arm, upper extremity and hand in any meaningful ways and cause plaintiff unrelenting pain, numbness, deformity, atrophy, and disability of plaintiff's left hand and upper extremity.

25.     Plaintiff's left upper extremity palsies and related injuries are permanent and irreparable. These injuries render plaintiff partially disabled and prevent him from adequately performing his duties as a physician and surgeon and have rendered him unable to perform his customary activities of daily life.

26.     Plaintiff has been rendered disabled by virtue of his injuries and due to the fact that he is unable to perform and attend to his customary vocational duties as a physician and surgeon.  To date, plaintiff has lost hundreds of thousands of dollars of income and over the course of his lifetime will experience financial losses of millions upon millions of dollars.

7

Case ID: 141202336

27.   Plaintiff's injuries are permanent, irreparable and were totally avoidable had defendant Mark P. Solomon, M.D. and other healthcare providers participating in plaintiff's October 16, 2013 operation performed this surgery carefully and in accordance with acceptable standards of care. At all times material hereto, plaintiff was not contributorily or comparatively negligent.

28.   The negligent conduct of the defendants constituted the factual cause, the legal cause, and the medical cause of plaintiff's profound injuries and disability.

29.   Alternatively stated, defendants' negligent conduct substantially increased plaintiff's risk of harm, injury, and morbidity.

30.   At all times material hereto, plaintiff acted with due care and was not contributorily or comparatively negligent in any way.

## COUNT I - NEGLIGENCE
## FRANK SCACCIA V. MARK P. SOLOMON, M.D.

31.   Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

32.   The liability-imposing conduct of defendant, Mark P. Solomon, M.D., acting individually as well as jointly and/or severally substantially increased plaintiff's risk of harm, injury and morbidity and consisted of the following:

    a.   failing to identify, isolate, and protect important nerves and neural structures in plaintiff's left upper extremity from injury during the course of the October 16, 2013 axillary lymph node surgical procedure;

    b.   failing to appropriately position plaintiff during the course of the October 16, 2013 surgery so as to protect nerves and neural structures in plaintiff's left upper extremity from intraoperative injury;

    c.   failing to appropriately retract tissues and structures in plaintiff's left upper extremity during the course of the October 16, 2013 surgical procedure so as to protect nerves and neural structures in plaintiff's left upper extremity from intraoperative injury;

8

Case ID: 141202336

d.   negligently utilizing clamps and sutures with vicryl and electrocautery in close proximity to the ulnar and medial antebrachial cutaneous nerves thereby damaging those nerves during the course of the October 13, 2013 surgical procedure;

e.   negligently directly compressing median nerve, ulnar nerve, and medial antebrachial cutaneous nerve and other neurologic structures during the course of the October 16, 2013 surgical procedure;

f.   negligently causing ischemia to nerves and neurologic structures in plaintiff's left upper extremity during the course of the October 16, 2013 surgical procedure;

g.   negligently failing to appropriately direct heat and cautery during the course of the October 16, 2013 surgical procedures causing thermal injuries to important neurologic structures in plaintiff's left upper extremity;

h.   prematurely removing surgical drains from plaintiff's left upper extremity during the postoperative time frame resulting in formation of hematoma which compressed important neurologic structures in plaintiff's left upper extremity;

i.   delay in diagnosis of nerve injury during the postoperative time frame;

j.   failing to administer timely, appropriate, and necessary diagnostic and therapeutic treatment in the aftermath of the October 16, 2013 surgical procedure to detect and diagnose nerve injury and to ameliorate and/or lessen the severity of neurologic injury during the postoperative time frame;

k.   failing to perform appropriate, adequate, and necessary physical and neurologic examinations upon plaintiff in response to plaintiff's postoperative neurologic symptoms which were absolutely abnormal in the aftermath of the October 16, 2013 surgical procedure;

l.   negligently causing left ulnar neuropathy, brachial plexopathy, and severe injury to plaintiff's medial antebrachial cutaneous nerves during the course of the October 16, 2013 left axillary lymph node surgery. These injuries cannot should not occur during the course of this surgical procedure and do not occur in the absence of negligence;

m.   failing to refer plaintiff to a surgeon experienced in diagnosing and treating upper extremity nerve injuries in the immediate aftermath of the October 16, 2013 surgical procedure, particularly in light of plaintiff's persistent and unrelenting neurologic complaints advanced in the aftermath of this surgical procedure;

n.   failing to timely recommend electrodiagnostic studies upon plaintiff as well as necessary radiographic studies and referral to upper extremity surgical specialists during the immediate postoperative time frame;

9

o.  negligently failing to perform careful and comprehensive diagnostic imaging studies before the October 16, 2013 surgical procedure in order to know, understand, and appreciate plaintiff's anatomy in the vicinity of the enlarged lymph node;

p.  negligently utilizing clamp and suture with vicryl and electrocautery in very close proximity to the ulnar and medial antebrachial nerves;

q.  failing to know, understand, and appreciate plaintiff's anatomy prior to and during the October 16, 2013 surgical procedure;

r.  failing as the captain of the ship while in the operating room on October 16, 2013 to monitor and oversee other healthcare providers participating in plaintiff's operation to ensure that none of the healthcare providers participating in the operation would cause injury to neural structures in plaintiff's upper extremity through positioning, retraction, compression of nerves, burning of nerves or through causing ischemia to nerves in plaintiff's upper extremity;

s.  negligently utilizing monopolar cautery as opposed to bipolar cautery in this case; and

t.  negligently utilizing monopolar cautery at very high settings in this case.

WHEREFORE, plaintiff demands judgment in his favor and against defendants in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interest.

### COUNT II – BATTERY/LACK OF INFORMED CONSENT
### FRANK SCACCIA V. MARK P. SOLOMON, M.D.

33.  Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

34.  At no time prior to the October 16, 2013 surgical procedure did defendant Mark P. Solomon, M.D. advise plaintiff that nerve injury was a risk of axillary lymph node biopsy/exploration.

35.  In fact, prior to the surgical procedure of October 16, 2013, defendant Mark P. Solomon, M.D. affirmatively advised plaintiff that a nerve injury could not, should not, and would not occur during the course of axillary lymph node biopsy/exploration.

10

36.     Plaintiff would not have consented to undergo axillary lymph node biopsy/exploration had plaintiff been advised that nerve injury was a risk of this procedure or that nerve injury could occur during the course of this surgical procedure.

37.     For the above-reasons, defendant Mark P. Solomon, M.D. operated upon plaintiff on October 16, 2013 without obtaining his informed consent.

38.     Consequently, defendant Mark P. Solomon, M.D. is legally liable to plaintiff for committing a battery upon him. Defendant Mark P. Solomon, M.D. is liable to plaintiff for all of the injuries plaintiff sustained during the course of the October 16, 2013 surgical procedure which was unauthorized and performed without full disclosure of risks, complications, and alternatives to axillary lymph node biopsy and exploration.

WHEREFORE, plaintiff demands judgment in his favor and against defendants in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interest.

## COUNT III - NEGLIGENCE
### FRANK SCACCIA V. TREVOSE SPECIALTY CARE SURGICAL CENTER, LLC

39.     Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

40.     Defendant, Trevose Specialty Care Surgical Center, LLC, is vicariously liable for the conduct of its real and/or ostensible agents, servants and/or employees in their care and treatment of plaintiff in the following respects:

   a.     failing to identify, isolate, and protect important nerves and neural structures in plaintiff's left upper extremity from injury during the course of the October 16, 2013 axillary lymph node surgical procedure;

   b.     failing to appropriately position plaintiff during the course of the October 16, 2013 surgery so as to protect nerves and neural structures in plaintiff's left upper extremity from intraoperative injury;

11

Case ID: 141202336

c.   failing to appropriately retract tissues and structures in plaintiff's left upper extremity during the course of the October 16, 2013 surgical procedure so as to protect nerves and neural structures in plaintiff's left upper extremity from intraoperative injury;

d.   negligently utilizing clamps and sutures with vicryl and electrocautery in close proximity to the ulnar and medial antebrachial cutaneous nerves thereby damaging those nerves during the course of the October 13, 2013 surgical procedure;

e.   negligently directly compressing median nerve, ulnar nerve, and medial antebrachial cutaneous nerve and other neurologic structures during the course of the October 16, 2013 surgical procedure;

f.   negligently causing ischemia to nerves and neurologic structures in plaintiff's left upper extremity during the course of the October 16, 2013 surgical procedure;

g.   negligently failing to appropriately direct heat and cautery during the course of the October 16, 2013 surgical procedures causing thermal injuries to important neurologic structures in plaintiff's left upper extremity;

h.   prematurely removing surgical drains from plaintiff's left upper extremity during the postoperative time frame resulting in formation of hematoma which compressed important neurologic structures in plaintiff's left upper extremity;

i.   delay in diagnosis of nerve injury during the postoperative time frame;

j.   failing to administer timely, appropriate, and necessary diagnostic and therapeutic treatment in the aftermath of the October 16, 2013 surgical procedure to detect and diagnose nerve injury and to ameliorate and/or lessen the severity of neurologic injury during the postoperative time frame;

k.   failing to perform appropriate, adequate, and necessary physical and neurologic examinations upon plaintiff in response to plaintiff's postoperative neurologic symptoms which were absolutely abnormal in the aftermath of the October 16, 2013 surgical procedure;

l.   negligently causing left ulnar neuropathy, brachial plexopathy, and severe injury to plaintiff's medial antebrachial cutaneous nerves during the course of the October 16, 2013 left axillary lymph node surgery. These injuries cannot should not occur during the course of this surgical procedure and do not occur in the absence of negligence;

m.   failing to refer plaintiff to a surgeon experienced in diagnosing and treating upper extremity nerve injuries in the immediate aftermath of the October 16, 2013 surgical procedure, particularly in light of plaintiff's persistent and unrelenting neurologic complaints advanced in the aftermath of this surgical procedure;

12

n.     failing to timely recommend electrodiagnostic studies upon plaintiff as well as necessary radiographic studies and referral to upper extremity surgical specialists during the immediate postoperative time frame;

o.     negligently failing to perform careful and comprehensive diagnostic imaging studies before the October 16, 2013 surgical procedure in order to know, understand, and appreciate plaintiff's anatomy in the vicinity of the enlarged lymph node;

p.     negligently utilizing clamp and suture with vicryl and electrocautery in very close proximity to the ulnar and medial antebrachial nerves;

q.     failing to know, understand, and appreciate plaintiff's anatomy prior to and during the October 16, 2013 surgical procedure;

r.     failing to monitor and oversee other healthcare providers participating in plaintiff's operation to ensure that none of the healthcare providers participating in the operation would cause injury to neural structures in plaintiff's upper extremity through positioning, retraction, compression of nerves, burning of nerves or through causing ischemia to nerves in plaintiff's upper extremity;

s.     failing to monitor and oversee its real and/or ostensible agents, servants and/or employees who held and manipulated structures within plaintiff's left upper extremity with clamps, retractors or surgical instrumentation that injured neural structures during the October 16, 2013 surgery;

t.     failing to monitor and oversee its real and/or ostensible agents, servants and/or employees who positioned plaintiff during the course of the October 16, 2013 surgery and who mis-positioned plaintiff for this surgical procedure; and

u.     negligently utilizing monopolar cautery as opposed to bipolar cautery in this case; and

v.     negligently utilizing monopolar cautery at very high settings in this case.

WHEREFORE, plaintiff demands judgment in his favor and against defendants in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interest.

## COUNT IV - CAUSES OF ACTION/DAMAGES
### FRANK SCACCIA V. ALL DEFENDANTS

41.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

13

Case ID: 141202336

42.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has experienced pain and suffering which will continue forever into the future.

43.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has lost substantial earnings and earning capacity.

44.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has incurred substantial medical bills which are ongoing.

45.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has suffered complete and irreparable palsy of multiple nerves and muscles in his left upper extremity and hand, all of which injuries are permanent in nature.

46.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has ongoing pain, numbness, deformity, atrophy, and loss of strength in his entire left upper extremity.

47.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has been rendered disabled as a consequence of the massive injuries he sustained during the course of the October 16, 2013 surgery and is now unable to perform his vocational and professional duties in an acceptable manner.

48.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has disfigurement and cosmetic deformity of the left hand, arm, and upper extremity.

49.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has scarring.

50.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has disruption of daily habits and pursuits.

51.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff suffers from depression.

14

Case ID: 141202336

52.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has and will continue to experience loss of life's pleasures and loss of the enjoyment of life.

53.    As a result of the liability imposing conduct of the defendants and/or their agents, plaintiff has required extensive and medical and surgical treatment in an attempt to improve his condition and will require constant and ongoing medical and surgical treatment forever into the future.

WHEREFORE, plaintiff demands judgment in his favor and against defendants in an amount in excess of fifty thousand dollars ($50,000.00) plus costs and interest.

Respectfully submitted,

THE COLLERAN FIRM

BY: _____
FRANCIS T. COLLERAN, ESQUIRE
DENINE MARIE MOSCARIELLO, ESQUIRE
Attorneys for Plaintiff

15

Case ID: 141202336

## VERIFICATION

I, FRANK SCACCIA, depose and say that I am the Plaintiff in this action and I make this verification subject to the penalties of 18 Pa, C.S.A. Section 4904 relating to unsworn falsification to authorities. I further state that the facts set forth in the foregoing pleading are true and correct based upon my knowledge and/or information and belief.

PRANK SCACCIA

Date: 12/15/14

Case ID: 141202336

Francis T. Colleran, Esquire
Atty ID No. 65821
Denine Marie Moscariello, Esquire
Atty ID No. 90192
THE COLLERAN FIRM
One Commerce Square, Suite 1940
2005 Market Street
Philadelphia, Pennsylvania 19103
215-972-8000
215-972-8042 (fax)
Counsel for Plaintiff



| | |
|---|---|
| FRANK SCACCIA | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| *Plaintiff,* | |
| | CIVIL TRIAL DIVISION |
| v. | |
| | TERM, |
| MARK P. SOLOMON, M.D.; and | NO. |
| TREVOSE SPECIALTY CARE SURGICAL | |
| CENTER, LLC | CIVIL ACTION - MEDICAL |
| | PROFESSIONAL LIABILITY ACTION |
| *Defendants.* | |
| | JURY TRIAL DEMANDED |

**CERTIFICATE OF MERIT AS TO DEFENDANT**
**TREVOSE SPECIALTY CARE SURGICAL CENTER, LLC**

I, Francis T. Colleran, Esquire, certify that the claim that this defendant deviated from an acceptable

professional standard is based solely on allegations that other licensed professionals for whom this defendant

is responsible deviated from an acceptable professional standard.

Respectfully submitted,

THE COLLERAN FIRM

BY: _____
FRANCIS T. COLLERAN, ESQUIRE
Attorney for Plaintiff

Case ID: 141202336